NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| JOSE ALCANTARA, | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| | : | Civil Action No. 2:12-cv-04690 (DMC) (JAD) |
| v. | : | |
| | : | |
| | : | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | : | |
| | : | |
| Defendant. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendant Deutsche Bank National Trust Company ("Defendant") to dismiss Plaintiff Jose Alcantara's ("Plaintiff") Complaint, pursuant to FED. R. CIV. P. 12(b)(6).  (Def.'s Mot. to Dismiss, Aug. 21, 2012, ECF No. 4). Pursuant to FED. R. CIV. P. 78, no oral argument was heard.  After considering the submissions of all parties, it is the decision of this Court for the reasons herein expressed that Defendant's Motion to Dismiss is **granted.**

I.      **BACKGROUND**[1]

Plaintiff commenced this action through the filing of a Complaint against Defendant on July 5, 2012.  (Compl., Jul. 5, 2012, ECF No. 1-2).  Plaintiff's ownership of real property located

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

1

at 263 Lake Street, Newark, New Jersey ("the Property") forms the basis for the suit. (Compl. at ¶ 1). Plaintiff acquired ownership to the Property on January 23, 2003. (Compl. at ¶ 3). On January 30, 2007, Plaintiff entered into a loan transaction with Novastar Mortgage, Inc. ("Novastar"), by which Novastar lent to him the sum of $260,400. (Compl. at ¶¶ 4-5). The loan was evidenced by a note ("the Note") and mortgage ("the Mortgage"), which was subsequently assigned to Defendant. (Complaint at ¶ 6). Plaintiff contests Defendant's interest in the Mortgage and has filed this action to quiet title to the Property against the interests of Defendant. (Compl. at ¶ 7).

Defendant now moves to dismiss all counts of Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b)(6), alleging that Plaintiff provides no factual basis for the conclusion that Plaintiff is entitled to a judgment quieting the title to the property against Defendant's interests and the Complaint fails to allege facts constituting a colorable claim that Defendant's interest is invalid. (Def.'s Mot. to Dismiss 3, Aug. 21, 2012, ECF No. 4-1). On September 17, 2012, Plaintiff filed a brief opposing Defendant's Motion to Dismiss. (Pl. Opp. Br., ECF No. 6). Defendant filed a Reply Brief on September 24, 2012. (Def.'s Reply Br., ECF No. 7). The matter is now before this Court.

## II.   LEGAL STANDARD

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

"A complaint will survive a motion to dismiss if it contains sufficient factual matter to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id. "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v. Speziale, Civ. No. 07-03129, 2009 WL 3806296, at *3 (D.N.J. Nov. 10, 2009) (quoting Iqbal, 129 S.Ct. at 1950). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1950.

Although generally speaking considering matters outside of the pleadings may convert a motion to dismiss into a motion for summary judgment, "a court may consider extraneous documents to which a plaintiff refers in the complaint or on which he claims in the complaint were based without converting the motion to dismiss into one for summary judgment." Noble v. Maxim Healthcare Services, Inc., Civ. No. 12-2227, 2012 WL 3019443, at *5 (D.N.J. July 24, 2012) (citations omitted). Thus, in a deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, a District Court may consider the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based

upon those documents. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

**III.    DISCUSSION**

Plaintiff maintains this quiet title action in an effort to obtain judgment against Defendant and seeks a declaration that Plaintiff is the owner of the property and Defendant has no valid legal or equitable interest in the Property. (Compl. 2-3). New Jersey's quiet title statute, N.J.S.A § 2A:62-1 provides:

> Any person in the peaceable possession of lands in this state and claiming ownership thereof, may, when his title thereto, or any part thereof, is denied or disputed, or any other person claims or is claimed to own the same, or any part thereof or interest therein, or to hold a lien or encumbrance thereon, and when no action is pending to enforce or test the validity of such title, claim or encumbrance, maintain an action in the superior court to settle the title to such lands and to clear up all doubts and disputes concerning the same.

N.J.S.A § 2A:62-1 ("New Jersey Quiet Title Statute"). The statute contemplates that a Plaintiff seeking to quiet title allege the existence of competing claims and the nature of those claims. See, e.g., Stump v. Whibco, 314 N.J. Super. 560, 564 (App. Div. 1998) (suing to quiet title based on alleged adverse possession of land); Pochinski Realty Assocs. v. Puzio, 251 N.J. Super. 388, 389-90 (App. Div. 1991) (seeking to quiet title against a defendant who claimed an easement across plaintiff's property).

The sole substantive allegation made by Plaintiff was that he "contests any interest which defendant[] may allege in the property." (Compl. at ¶ 7). The Mortgage, attached to Plaintiff's Complaint, identifies Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee of the original lender, Novastar Mortgage, Inc. (Pl.'s Opp. Br. 6, Sept. 17, 2012, ECF No. 6). Using the MIN number printed on the Mortgage, Plaintiff looked up the loan in the MERS registry and discovered that Defendant is identified as the loan's investor. (Pl.'s Opp. Br. 6).

Plaintiff, as Borrower, asserts that he never received any indication that the holder of his mortgage had changed. (Pl.'s Opp. Br. 6).

Although it appears Plaintiff means to imply the transfer of the Note and Mortgage to Defendant Deutsche Bank National Trust Company was improper, Plaintiff offers no factual allegations to that effect. The Complaint merely states "at some point on or after January 30, 2007, the aforementioned note and obligation were transferred to [Defendant]." (Compl. at ¶6). Furthermore, the Note signed by Plaintiff indicates: "I understand that Lender [i.e. Novastar] may transfer this note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" (Ginzberg Cert. at 38, Exh. 2 "Promissory Note," Aug. 21, 2012, ECh No. 4-3). The Mortgage similarly contains the provision that "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without proper notice to Borrower." (Ginzberg Cert. at 53, Exh. 3 "Mortgage," Aug. 21, 2012, ECF. No. 4-3; Compl., Exh. B at 10). Based on the foregoing, Plaintiff has failed to state a claim beyond a "formulaic recitation of elements of a cause of action," as required by Twombly. Twombly, 127 S. Ct. at 1965.

## IV.   CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **granted**. An appropriate Order accompanies this Opinion.

DENNIS M. CAVANAUGH, U.S.D.J.

Date:   March 22, 2013
cc:     All Counsel of Record
        Hon. J. A. Dickson, U.S.M.J.
        File